(88 App. Div. 504.)

In re MITCHELL'S ESTATE.

ENGELSON v. MITCHELL.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

**1. DECEDENT'S ESTATE—DISTRIBUTION—DECREE—MODIFICATION—MISSING HEIR.**
    A decree was entered in settlement of a decedent's estate requiring the administrators to distribute the funds in their hands, one half to a brother of decedent, and the other half to another brother, who had been absent and unheard from for over 30 years, or, in case the absentee was not found "within two years after the entry of the decree," to pay his share to the city chamberlain to his credit. These two brothers were decedent's next of kin and only heirs at law. The absentee did not appear in the time limited, and the other brother applied for a modification of the decree, claiming that the absentee had died without leaving issue, and that he was the only next of kin of decedent and the absentee. There was some evidence that the absentee was alive from letters received in response to advertisements and letters of the attorney, but nothing further was done than the attorney requesting identification of the party claiming to be the missing brother. *Held,* that the modification of the decree requested was properly refused, but leave to renew the application on additional proof would be granted.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of Peter A. Engelson and another, administrators of the estate of Margaret Mitchell, deceased. From an order denying a motion to modify a decree, James Mitchell appeals. Affirmed, with leave to renew motion on additional proof.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frank Moss, for appellant.
John T. Fenlon, for respondent.

O'BRIEN, J. Margaret Mitchell, unmarried, died on April 4, 1900, in the city of New York. Her only next of kin and heirs at law are her brothers, James and William Mitchell. William Mitchell left for California in 1863, and his whereabouts are unknown. Upon the accounting of the administrator of the deceased, it appeared that there was in his hands the sum of $8,130.27, of which he was ordered to pay one half to James Mitchell and the other half to William Mitchell, "or in case said William Mitchell is not found within two years after the entry of the decree," then his share to the city chamberlain to his credit. William Mitchell did not appear and was not heard from, and James Mitchell, in February, 1903, applied to the surrogate for a modification of the decree, claiming that William had died without leaving issue, and that he is the only next of kin of Margaret and William Mitchell. This application was denied, and it is from the order denying such relief that James Mitchell appeals.

Apart from the first statement made by James Mitchell that his brother William, when he left New York for the West, had a wife and child, and assuming that in his subsequent affidavit he explains this satisfactorily by showing that the statement was made through mistake and inadvertence, there is still an important subject as to

which inquiry has not been exhausted, namely, whether William Mitchell is alive, and upon that ground the learned surrogate was right in refusing to allow the money to be turned over to James Mitchell. In response to the advertisements and letters of the attorney, we have answers purporting to be from a man who claims he is William Mitchell, to whom the money belongs, which answers were sent from San Francisco, Cal. The attorney replied requesting further means of identification, but beyond this nothing was done. We think it was incumbent upon the one seeking to obtain the money to push the inquiry to San Francisco, where the response came from, and to ascertain at the address therein given more about the identity of the person who wrote the letter. This could be done either by sending to some one there a letter of instructions, who could return the necessary proof as to whether such person was the real William Mitchell or one who attempted to palm himself off as such; or an order could be obtained from the Surrogate's Court to show cause why the money should not be paid out to James Mitchell as next of kin, and such order could be served upon the person who signed himself "William Mitchell" in the letter received.

The order is accordingly affirmed, with $10 costs and disbursements, but with leave to renew the application before the surrogate upon additional proof. All concur.